### In re THOMAS.

(District Court, D. Washington, S. D. September 25, 1899.)

BANKRUPTCY—HOMESTEAD EXEMPTION—RIGHTS OF MORTGAGEE.

> When a mortgage, recognized as valid in the bankruptcy proceedings, covers an undivided fractional part of the real estate out of which the bankrupt claims his homestead exemption, the court will not order the trustee to partition the land as between the bankrupt and the mortgagee, and set apart to the former a designated portion, to be held by him as his homestead in severalty and free from the mortgage, as this would change, and might impair, the security of the mortgagee. But the bankrupt may apply for an order to sell portions of the land not actually occupied as a homestead, and apply the proceeds in payment of the mortgage.

In Bankruptcy. By a stipulation, the bankrupt and the trustee of his estate submit to the court for decision the question as to the right of the bankrupt to have a partition of his real estate, as against

mortgagees holding mortgages upon an undivided five-eighths thereof, so that there might be set off to him a homestead clear of liens. Application for partition denied, with leave to apply for an order to sell land not occupied as a homestead, and apply the proceeds to the payment of the mortgages.

H. J. Snively, for bankrupt.

Whitson & Parker, for trustee.

HANFORD, District Judge. At the time of instituting these proceedings, the petitioner was residing in a house situated upon block 22 of Schanno's addition to Yakima City, and he still resides there with his family. That block, together with block 21 of the same addition and an adjacent tract of 40 acres, is community property of the petitioner and his wife, and is incumbered by several mortgages which they executed in the year 1894. The mortgages do not affect the entire estate, but only an undivided five-eighths thereof. By the appraisement which has been made, the value of the property is estimated as follows: Block 21, $100; block 22, with improvements thereon, $1,900; 40-acre tract, with improvements thereon, $4,560. The exemption law of this state allows a homestead, including the family dwelling house and the land on which it stands, not exceeding in value $2,000, and the trustee has awarded to the petitioner as his homestead said blocks 21 and 22, subject to the existing liens. The petitioner claims that, under the provisions of the bankruptcy law, he is entitled to have his exemptions "set apart," and therefore it is a necessary part of these proceedings to partition the real estate between the mortgagees and him, and set apart a designated portion, worth not more than the value of his unincumbered interest in the whole, as his homestead, to be held by him in severalty and free from the mortgages.

The mortgagees have not proved their debts, nor appeared to contest this claim, but, without hearing them in opposition, it appears to me to be a plain and incontrovertible proposition that the court has no right to impair the security which they hold, nor to discharge any part of the property from the liens thereon, until the debts secured thereby shall have been paid in full. In other words, the court cannot arbitrarily substitute other security for and in place of that which the mortgagors and mortgagees contracted to give and receive. The whole of the 40-acre tract may be actually worth more than the undivided five-eighths of the several parcels, and yet not be as readily convertible into cash, nor as desirable to the mortgagees, and, until they receive what is due them, they cannot be compelled to relinquish any supposed advantage which they bargained for.

I direct that an order be entered confirming the award made by the trustee; but, in order to protect the homestead right of the petitioner as far as may be done consistently with law and justice, I will say now that an application may be made to the court for an order to sell the 40-acre tract free from liens; and upon the hearing of such an application, after due notice to all creditors, unless good cause to the contrary be shown, I will order such a sale, and direct

that so much of the proceeds as may be available and necessary for the purpose be applied in payment of the mortgage debts. So far as the proceeds of the sale will reach in that direction, the homestead will be cleared of liens, and I do not know of any other lawful method of procedure to accomplish that result.